IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

_____

| | | |
|---|---|---|
| JAMES L. LARSON, | ) | Cause No. CV 08-25-H-DWM-RKS |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| MIKE MAHONEY, Warden, | ) | |
| | ) | |
| Respondents. | ) | |

_____

On April 7, 2008, Petitioner James Larson filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is a state prisoner proceeding pro se.

On October 1, 2008, Petitioner was ordered to show cause why his petition should not be dismissed as time-barred or as procedurally barred. See Order to Show Cause (doc. 8). He failed to respond to the Order.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

**I. Background**

Petitioner was convicted on his guilty pleas to one count of theft and three counts of burglary in Montana's First Judicial District Court, Lewis & Clark County. He was sentenced to serve fifteen years on each count, all counts to run concurrently. Judgment was entered on April 26, 2006. He did not appeal or file for postconviction relief. See Pet. (doc. 1) at 2-3, ¶¶ 1-7.

Petitioner's conviction became final on June 25, 2006. See Chaker v. Crogan, 428 F.3d 1215, 1219 (9th Cir. 2005) (§ 2254); Mont. R. App. P. 4(5)(b). He filed his federal habeas petition on April 7, 2008.

**II. Petitioner's Allegations**

Petitioner contends, first, that he was "not guilty by reason of insanity." As "supporting facts," he lists "the file on me from the Montana State Hospital" and "prison records under AO19771." Pet. at 3, ¶ 8 (Ground One).

Second, Petitioner claims that he is being subjected to cruel and unusual punishment because:

> I was awhere that the State of Montana was completely in control of my mind at and during the time of the commission of my crimes!! I am paranoid schizophrenic, I suffer from major depression and P.T.S.D.! Partly from my incarceration in the Montana judicial system!

Pet. at 3, ¶ 8 (Ground Two); see also id. at 9, ¶ 8 (Ground Three).

**III. Analysis**

    **A. Federal Statute of Limitations**

Petitioner's claims are barred by the one-year federal statute of limitations.

        **1. Application of the Statute**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year

statute of limitations applies to petitions filed under 28 U.S.C. § 2254.  In this case, the limitations period began to run on the date Petitioner's conviction became "final" in state court.  Id. § 2244(d)(1)(A).

Petitioner states that judgment was entered on April 26, 2006.  Petitioner had sixty days from that date to file a notice of appeal.  Because he did not do so, his conviction became "final," for purposes of 28 U.S.C. § 2244(d)(1)(A), on June 25, 2006.  The first day on which the federal statute of limitations began to run was therefore June 26, 2006. Petitioner had until June 25, 2007, to file his federal habeas petition.  He filed on April 8, 2008, nine and a half months too late.

### 2. Statutory Tolling

The one-year period for filing in federal court for a writ of habeas corpus is suspended while a petitioner has a pertinent action pending in state court.  See 28 U.S.C. § 2244(d)(2).  Petitioner does not report any action filed in state court challenging the conviction or sentence imposed on April 26, 2006.  Statutory tolling does not apply.

### 3. Equitable Tolling

Petitioner might be entitled to equitable tolling of the limitations period if he could demonstrate that extraordinary circumstances beyond his control made it impossible for him to file his federal petition on time.  See Calderon v. United States Dist. Court ("Beeler"), 128 F.3d 1283, 1288-89 (9th Cir. 1997) (internal quotation omitted), overruled on other grounds by Calderon v. United States Dist. Court ("Kelly IV"), 163 F.3d 530 (9th Cir. 1998) (en banc).  Equitable tolling is not available in most cases and poses a "high hurdle" for a petitioner to overcome.  Id.

> A habeas petitioner . . . should receive an evidentiary hearing when he makes a good-faith allegation that would, if true, entitle him to equitable tolling. [Petitioners] must

> demonstrate that they have been pursuing their rights diligently and that some extraordinary circumstance stood in their way.

Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006) (internal emphasis, quotations, brackets, and ellipsis omitted). Additionally, "the person seeking equitable tolling must demonstrate reasonable diligence in attempting to file *after* the extraordinary circumstances began." Id. at 971 (quoting Spitsyn v. Moore, 345 F.3d 796, 802 (9th Cir. 2003)) (internal brackets and ellipsis omitted).

Petitioner was given an opportunity to show the Court made a mistake in its analysis of how the federal statute of limitations applies in his case. In the alternative, or in addition, he was also given an opportunity to attempt to show his entitlement to equitable tolling of the limitations period. Because Petitioner did not respond, the petition should be dismissed as time-barred.

**B. Procedural Default**

The doctrine of procedural default also bars this Court from considering Petitioner's claims. The issue of procedural default may be raised in a court's preliminary screening "when the default is obvious from the face of the petition and when recognizing the default would 'further the interests of comity, federalism, and judicial efficiency.'" Vang v. State of Nevada, 329 F.3d 1069, 1073 (9th Cir. 2003) (quoting Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998)).

Here, procedural default is clear on the face of the petition. Petitioner states he did not pursue a direct appeal. See Pet. at 2, ¶ 5. The only action he says he pursued "with respect to this judgment," that is, the 2006 Lewis & Clark County convictions, is a civil rights action under 42 U.S.C. § 1983, filed in this Court. See id. at 3, ¶¶ 6-7. Petitioner's claims are procedurally barred in state court by the state statute of limitations and by Petitioner's failure to pursue a direct appeal.

See Mont. Code Ann. §§ 46-21-102(1), -105(1)(b).[1]

Under most circumstances, claims that are procedurally barred from going forward in state court also cannot be raised in federal court. The state's procedural bars are generally adequate and independent grounds for declining to grant relief and are not subject to federal review. See Harris v. Reed, 489 U.S. 255, 263 (1989). In such cases, a petitioner is said to have procedurally defaulted on his claims for relief, and his case cannot be considered by a federal court.

However, there are exceptions to the general rule of dismissal for procedural default. Once a procedural default is found to exist, "federal habeas review of the claims is barred *unless* the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991) (emphasis added). Accordingly, before this Court can review his claims, Petitioner must EITHER show (1) cause, and (2) prejudice; OR he must show that this Court's failure to consider his claims would result in a fundamental miscarriage of justice.

---

[1] The Montana Supreme Court has consistently applied Mont. Code Ann. §§ 46-21-102(1) and 46-21-105(1)(b), without considering federal procedural or substantive law, to bar review of issues that are not timely raised or that could have been raised on direct appeal or in a previous post-conviction petition. See, e.g., Watson v. State, 61 P.3d 759, 761 ¶¶ 10-11 (Mont. 2002) (considering whether claim could have been decided on direct appeal and so was procedurally barred); State v. Whitehorn, 50 P.3d 121, 129 ¶ 49 (Mont. 2002) (as amended) (reiterating requirement that post-conviction petitions be timely filed); State v. Hanson, 988 P.2d 299, 301 ¶ 14 (Mont. 1999) (explaining that Montana state courts must consistently apply the statutory bar to prevent the abuse of post-conviction relief by criminal defendants).
   The Court is aware that, before the issuance of Peña v. State, 100 P.3d 154 (Mont. 2004), the Montana Supreme Court occasionally granted habeas or postconviction relief to petitioners who were committed to more than five years in the custody of the Department of Corrections. See, e.g., Peterson v. Mahoney, No. 03-739 (Mont. Dec. 16, 2003) (unpublished decision) (referring to Mont. Code Ann. § 46-18-201(1)(e) (1997)). However, the 1995 Montana Code Annotated did not limit commitments to the department of corrections to five years. That limitation did not become effective until October 1, 1997. Compare Mont. Code Ann. § 46-18-201(1)(e) (1995) with id. § -201(1)(e) (1997); see also 1997 Mont. Laws ch. 332, § 1. Judgment was entered in Petitioner's case on February 3, 1997.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 5

Petitioner was duly advised that "cause" must be a legitimate excuse for the procedural default in the state courts. See Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir. 1991). "A showing of cause [for procedural default] 'must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded [petitioner's] efforts to comply with the State's procedural rule.'" Poland v. Stewart, 117 F.3d 1094, 1105 (9th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). Additionally, if the proffered cause itself states a claim for a constitutional violation, the proffered cause itself is required to have been presented to the state courts either as an independent ground for relief from the conviction or sentence or as an excuse for the petitioner's failure to follow the state rules. See Edwards v. Carpenter, 529 U.S. 446, 451-53 (2000). "Prejudice" must be actual harm resulting from the constitutional violation alleged as grounds for relief in the petition. Thomas, 945 F.2d at 1123.

As an alternative to showing both cause and prejudice, Petitioner was also given an opportunity to show that "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt" if the errors of which he complains had not been committed. Schlup v. Delo, 513 U.S. 298, 327 (1995); see also Majoy v. Roe, 296 F.3d 770 (9th Cir. 2002).

However, Petitioner failed to respond to the Order. His petition is procedurally barred.

**IV. Certificate of Appealability**

**A. Governing Law**

Pursuant to 28 U.S.C. § 2253(c), "[a] certificate of appealability ['COA'] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." See Hohn v. United States, 524 U.S. 236 (1998); Lambright v. Stewart, 220 F.3d 1022, 1024 (9th Cir. 2000).

The standard of a "substantial showing" can be satisfied on an issue-by-issue basis. Lambright, 220 F.3d at 1024 (citing 28 U.S.C. § 2253(c)(3)).

> [I]n order to make a substantial showing of the denial of a federal right a petitioner ... "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'"

Lozada v. Deeds, 498 U.S. 430, 432 (1991) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). See also Slack v. McDaniel, 529 U.S. 473, 484 (2000) (petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."). Any doubt as to whether a petitioner has met the standard is resolved in his favor. Lambright, 220 F.3d at 1025.

Where, as here, the district court dismisses a claim on procedural grounds, the court must decide whether "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Lambright, 220 F.3d at 1026 (quoting Slack, 529 U.S. at 484).

The COA must indicate which issues satisfy the required showing, 28 U.S.C. § 2253(c)(3), and the Court must "state why a certificate should not issue." Fed. R. App. P. 22(b)(1).

### B. Discussion

Petitioner filed nine and a half months too late and failed to take advantage of an opportunity to show why his petition should not be time-barred. Petitioner also failed to exhaust any of his claims in the Montana Supreme Court and failed to take advantage of an opportunity to show why his default in state court should be excused.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 7

In addition, it is highly doubtful whether Petitioner's first claim fairly alleges violation of a federal right. Montana law does not recognize a verdict of "not guilty by reason of insanity." It admits evidence of mental disease or defect at trial only for the purpose of negating a defendant's ability to act purposely or knowingly. See, e.g., Mont. Code Ann. § 46-14-102 (1991). The United States Supreme Court has "never held that the Constitution mandates an insanity defense, nor have we held that the Constitution does not so require." Clark v. Arizona, 548 U.S. 735, 752 n.20 (2006). Habeas is not the vehicle for resolving that question. See 28 U.S.C. § 2254(e)(2); Williams v. Taylor, 529 U.S. 420, 430-37 (2000). And Petitioner's second claim, alleging cruel and unusual punishment, is the subject of a civil action. See, e.g., Larson v. Ritow, et al., No. CV 08-45-H-DWM-RKS (D. Mont. filed June 30, 2008).

A COA is not warranted.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. The Petition (doc. 1) should be DISMISSED as both time-barred and procedurally barred.

2. The Clerk of Court should be directed to enter judgment, by separate document, in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to these Findings and Recommendations within ten (10) business days of the date entered as indicated on the

Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

<u>Petitioner must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of this case without notice to him.

DATED this 18th day of November, 2008.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 9